The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOHN MILITO,

    Plaintiff,

v.

WIZARDS OF THE COAST LLC, *et al.*,

    Defendants.

NO. 24-cv-1111-BJR

**ORDER GRANTING REMAND**

## I.     INTRODUCTION

Plaintiff, John Milito, originally filed this case in King County Superior Court alleging that Defendants, Wizards of the Coast, LLC and Hasbro Inc., had violated a specific provision of Washington State's Equal Pay and Opportunities Act ("EPOA"), RCW 49.58.110, which requires certain employers to disclose the wage scale or salary range, and a general description of other compensation and benefits, in each posting for an available position.[1] Defendants removed the case to this Court on the basis of diversity jurisdiction and under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). *See* Notice of Removal, ECF No. 1. Now pending before the Court

---

[1] A detailed statutory background may be found in this Court's decisions in related cases. *See, e.g.*, *Floyd v. Insight Global LLC, et al.*, 23-CV-1680-BJR, 2024 WL 2133370, at *1-2 (W.D. Wash. May 10, 2024); *Atkinson v. Aaron's LLC, et al.*, 23-CV-1742-BJR, 2024 WL 2133358, at *1-2 (W.D. Wash. May 10, 2024).

ORDER GRANTING REMAND

- 1

is Plaintiff's Motion to Remand, ECF No. 22, and Defendants' motion to amend their answer, ECF No. 32.[2] Having reviewed the materials,[3] the record of the case, and the relevant legal authorities, the Court will grant Plaintiff's motion and remand this case to King County Superior Court. The reasoning for the Court's decision follows.

## II. BACKGROUND

On May 31, 2024, John Milito applied for a job opening with Defendants in King County, Washington. Compl. ¶¶ 15, 26, ECF No. 1-3. He alleges that the posting for the job opening did not disclose the wage scale or salary range to be offered. *Id.* ¶¶ 28-31; Ex.1. He further alleges that he "expected that at some point he would learn the rate of pay for the open position . . .[but] Defendants withheld the rate of pay for the open position in the job posting and throughout the application process, forcing Plaintiff to complete the entire application without learning the rate of pay." *Id.* ¶¶ 29-30. Mr. Milito alleges that he lost time applying for a position for which the wage scale was not disclosed and his ability to negotiate pay is adversely affected. *Id.* ¶¶ 34-35. Mr. Milito also claims to represent "dozens" ("more than 40") potential class members who also applied for jobs with Defendants for positions that did not disclose the wage scale or salary range. *Id.* ¶¶ 10, 22, 43. Mr. Milito's complaint was virtually identical to numerous other putative class-action lawsuits filed by multiple plaintiffs represented by Emery Reddy, PLLC, and subsequently removed to this Court by the defendants. Mr. Milito filed the pending motion seeking remand back to state court, asserting that this Court lacks subject matter jurisdiction because he lacks Article III standing

---

[2] In the interim period, the Court stayed this case and deferred ruling on all pending motions pending the Washington Supreme Court's opinion on the certified question in a related case. *See* Stay Order, ECF No. 19. The stay was lifted on September 29, 2025. Lift Stay Order, ECF No. 21.

[3] Including Plaintiff's remand motion, ECF No. 22; response in opposition, ECF No. 26; and reply, ECF No. 38. Defendant's motion, ECF No. 32, is not yet ripe for decision.

ORDER GRANTING REMAND

- 2

to proceed in federal court. Mot. Remand 1. He also argues, in the alternative, that remand is required because CAFA's mandatory and discretionary exceptions apply. *Id.*

On August 20, 2024, the Honorable Judge Chun certified a question in a similar case to the Washington Supreme Court, asking it to interpret the term "job applicant" as used in the EPOA statute. *Branson v. Washington Fine Wines & Spirits, LLC*, 2:24-CV-00589-JHC, 2024 WL 4510680, at *1 (W.D. Wash. Aug. 20, 2024), *certified question accepted*, 103394-0, 2024 WL 4471756 (Wash. Oct. 11, 2024)). The Court stayed this case pending the state Supreme Court's decision on the certified question. *See* Stay Order, ECF No. 19. On September 4, 2025, the Washington Supreme Court issued its decision. *Branson v. Wash. Fine Wine & Spirits, LLC*, No. 103394-0, 2025 WL 2536266, 574 P.3d 1031 (Sept. 4, 2025) (en banc). The Court concluded:

> A job applicant need not prove they are a "bona fide" applicant to be deemed a "job applicant." Rather, in accordance with the plain language of RCW 49.58.110(4), a person must apply to any solicitation intended to recruit job applicants for a specific available position to be considered a "job applicant," regardless of the person's subjective intent in applying for the specific position.

*Id.* at *8. The stay has been lifted, and the parties' motions will now be addressed. Lift Stay Order, ECF No. 21.

### III. LEGAL STANDARD

A defendant may remove to federal court any case filed in state court over which the federal court would have original jurisdiction. 28 U.S.C. § 1441(a). Federal question jurisdiction exists over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint." *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (quoting *Caterpillar*

ORDER GRANTING REMAND
- 3

*Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Jurisdiction is based on the pleadings filed at the time of removal and is based "solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *Id.* (quoting *ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000)).

Removal requirements should be strictly construed. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A removing party bears the burden of establishing federal jurisdiction and must overcome a "strong presumption" against removal. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "[T]he court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Gaus*, 980 F.3d at 566). If at any time before final judgment it appears that the federal district court lacks subject matter jurisdiction, "the case shall be remanded" to state court. 28 U.S.C. § 1447(c); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

## IV.  DISCUSSION

Mr. Molito requests that this matter be remanded for lack of Article III standing and subject matter jurisdiction. Mot. Remand 1, 2 (citing similar cases that have been remanded). "Under Article III, the Federal Judiciary is vested with the 'Power' to resolve not questions and issues but 'Cases' or 'Controversies.'" *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 132 (2011). "Among other things, that limitation requires a plaintiff to have standing." *Fed. Election Comm'n v. Cruz*, 596 U.S. 289, 295–96 (2022). In the context of a class action, the class representatives must have standing. *See NEI Contracting & Eng'g, Inc. v. Hanson Aggregates Pac. Sw., Inc.*, 926 F.3d 528, 532 (9th Cir. 2019) ("[I]f none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf

ORDER GRANTING REMAND
- 4

of himself or any other member of the class.") (quoting *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974))); s*ee also Lierboe v. State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) ("[S]tanding is the threshold issue in any suit. If the individual plaintiff lacks standing, the court need never reach the class action issue."). Whether plaintiffs have Article III standing to proceed with this lawsuit implicates the Court's subject matter jurisdiction. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975) (stating that standing is jurisdictional).

"[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) ((citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)). "[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561.

As Mr. Milito argues, this Court has found in similar— virtually identically pleaded—cases, that the plaintiffs failed to allege that they applied for the posted positions in good faith with a genuine interest in employment with the employer. *See, e.g.*, *Floyd v. Insight Global, LLC*, No. 2:23-cv-01680-BJR (W.D. Wash.); *Atkinson v. Aaron's, LLC*, No. 2:23-cv-01742-BJR (W.D. Wash.); *David v. Herc Rentals Inc.*, No. 2:24-cv-00175-BJR (W.D. Wash.). At issue in those cases, as here, is the "[f]irst and foremost" of standing's three requirements—"a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103 (1998) (citations omitted).

To establish an injury in fact, plaintiffs must show that they suffered "an invasion of a legally protected interest." *Lujan*, 504 U.S. at 560 (citations omitted). Injury is particularized if it

ORDER GRANTING REMAND
- 5

affects a plaintiff "in a personal and individual way." *Id.* at 560 n.1. And it is concrete if it "actually exist[s]," meaning that it is "real, and not abstract." *Spokeo, Inc. v. Robins (Spokeo I)*, 578 U.S. 330, 340 (2016) *as revised* (May 24, 2016) (citations omitted). Importantly, "Article III standing requires a concrete injury *even in the context of a statutory violation*." *Id.* at 341 (emphasis added). A plaintiff may not "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* "[T]he Supreme Court made clear that a plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.'" *Robins v. Spokeo, Inc. (Spokeo II)*, 867 F.3d 1108, 1112 (9th Cir. 2017) (quoting *Spokeo I*, 578 U.S. at 341). To establish a concrete injury, "the plaintiff must allege a statutory violation that caused him to suffer some harm that 'actually exist[s]' in the world; there must be an injury that is 'real' and not 'abstract' or merely 'procedural.'" *Id.* (quoting *Spokeo I*, 578 U.S. at 340).

Intangible injuries, such as the omission of statutorily required information, "can nevertheless be concrete." *Magadia v. Wal-Mart Assocs., Inc.*, 999 F.3d 668, 679 (9th Cir. 2021) (quoting *Spokeo I*, 578 U.S. at 340). "[A]n *intangible* injury may be concrete if it presents a material risk of *tangible* harm or 'has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts,' like common law torts or certain constitutional violations." *Phillips v. United States Customs & Border Prot.*, 74 F.4th 986, 991 (9th Cir. 2023) (quoting *Spokeo I*, 578 U.S. at 340-41). To determine whether the violation of a statute constitutes a concrete harm, the Ninth Circuit engages in a two-part inquiry. *Magadia*, 999 F.3d at 679. First, a court considers "whether the statutory provisions at issue were established to protect . . . concrete interests (as opposed to purely procedural rights)." *Id.* (citation omitted). The court then

ORDER GRANTING REMAND
- 6

assesses "whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests." *Id.*

In *Floyd* and *Atkinson*, referred to above, this Court further reviewed various cases that analyzed statutory violations in the context of Article III standing and concluded that the statutory violation at issue here is distinctly different from those cases that relate to privacy interests or where misleading information creates a risk of harm. *See* 2:23-cv-01680-BJR; No. 2:23-cv-01742-BJR. The Court found that in cases such as these, there is no obvious analogue in the history of American courts and plaintiffs must allege some personal harm. *Id.* Indeed, in *Magadia*, the Ninth Circuit Court confirmed that the "'procedural violation of an informational entitlement does not by itself suffice to keep a claim in federal court.' The plaintiff must further allege 'at least that the information had some relevance to *her*.'" 999 F.3d at 679-80 (quoting *Brintley v. Aeroquip Credit Union*, 936 F.3d 489, 493 (6th Cir. 2019)). This Court concluded that a violation of the statutory provision at issue here—a job posting with no compensation information included—is a technical or procedural violation that by itself does not manifest concrete injury but requires a bona fide applicant before there is a risk of harm. Plaintiffs must allege, at minimum, that they applied for the job with good-faith intent, and became personally exposed to the risk of harm caused by the violation.

Defendants argue that Mr. Milito alleged actual harm by pleading that he "was qualified to perform the position for which he applied," and Defendants' "failure to provide statutorily required information 'forc[ed] [Milito] to complete the entire application without learning the rate of pay,' thereby causing Milito to 'los[e] valuable time.'" Opp'n 6 (quoting Compl. ¶¶ 27, 30, 35).[4]

---

[4] The Court notes that any time wasted in applying for a job without good faith is actually a self-inflicted harm.

ORDER GRANTING REMAND

- 7

Defendants also cite Mr. Milito's allegations that his inability to evaluate and compare pay to other available positions negatively impacted his ability to negotiate, which caused him economic and non-economic harm. *Id.* (citing Compl. ¶¶ 33, 34, 36, 37). Defendants contend that these allegations represent a cognizable informational injury and no further showing of harm is required. *Id.* at 11.

The Court disagrees. Mr. Milito's allegations fail to show any actual harm against which the EPOA intends to protect. *See Hill v. ACV Auctions Inc.*, No. C25-616 MJP, 2025 WL 1582249, at *3 (W.D. Wash. June 4, 2025) (concluding that the EPOA's legislative history "confirms that the EPOA's procedural requirement of disclosure was established to protect applicants by arming them with sufficient information to ensure fair and equitable pay negotiations, and to avoid wasting time interviewing for positions whose pay would never be adequate."); *see also Partridge v. Heartland Express Inc. of Iowa*, No. 3:24-CV-05486-DGE, 2024 WL 4164245, at *4 (W.D. Wash. Sept. 12, 2024) (stating that when a plaintiff "does not allege that he was offered employment or an interview," he "does not suggest that the deprivation of information compromised his bargaining power in pay negotiations, placed him at a disadvantage relevant to other applicants, or resulted in him having to exit a lengthy interview process after learning the pay was insufficient for his needs."). Indeed, Mr. Milito himself argues that he lacks Article III standing. Mr. Milito's conclusory allegations in his complaint are insufficient to allege Article III standing. *See Lujan*, 497 U.S. at 888 (holding that neither conclusory allegations nor conclusory affirmations are sufficient to confer standing). As this Court has stated before, a nominal applicant with no interest in the position will neither receive a benefit from early pay disclosure nor be harmed by the lack thereof.

Further, the state Supreme Court's decision in *Branson* does not change this Court's Article III standing analysis. The *Branson* court did not address standing—neither federal nor statutory—

ORDER GRANTING REMAND
- 8

but answered the question: "What must a plaintiff prove to be deemed a 'job applicant' within the meaning of RCW 49.58.110(4)?" 2025 WL 2536266, at *1. The *Branson* decision clarifies that a plaintiff does not have to prove they are a "bona fide" or "good faith" applicant to qualify as a "job applicant" that can sue to obtain remedies under the statute. *Id.* But a plaintiff must still show an injury-in-fact for Article III purposes. *Spokeo II*, 867 F.3d at 1112. Mr. Milito has failed to plead such an injury.

Defendants also contend that this Court can find jurisdiction based on their proposed counterclaim under the Declaratory Judgment Act, 28 U.S.C. § 2201. Opp'n 10. However, a counterclaim is not relevant to whether a district court has original jurisdiction over a civil action. *See, e.g.*, *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 26 (2025) ("[T]he determination of jurisdiction is based only on the allegations in the plaintiff's 'well-pleaded complaint'—not on any issue the defendant may raise." (citation omitted)); *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 442 (2019) ("A counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action. . . . The civil action of which the district court must have 'original jurisdiction' is the action as defined by the plaintiff's complaint . . . ." (cleaned up)). Unlike Defendants' contention, determining whether there is a case or controversy that gives a federal court the power to proceed does not rely solely on how "substantial" the claim may or may not be. *See* Opp'n 1-3, 9.[5] Federal Article III standing is a mandatory jurisdictional hurdle that exists independently of the legal theory at issue; a federal court lacks the power to rule if the plaintiff cannot demonstrate standing. *See Warth*, 422 U.S. at 498.

---

[5] The Court further notes that the state court is a court of general, rather than limited, jurisdiction and is a forum more than capable of adjudicating these claims, which are properly within its own judicial authority.

ORDER GRANTING REMAND

- 9

Federal courts are courts of limited jurisdiction, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be "remanded" to state court. 28 U.S.C. § 1447(c). Accordingly, this case will be remanded to King County Superior Court.

## V. CONCLUSION

For the foregoing reasons,

1. Plaintiff's Motion to Remand, ECF No. 22, is GRANTED for lack of Plaintiff's Article III standing; and

2. This case is remanded to King County Superior Court.

DATED this 29th day of December 2025.

Barbara Jacobs Rothstein
United States District Court Judge

ORDER GRANTING REMAND

- 10